IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:21-CR-00117-M

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | ORDER |
| PAUL LOCKLEAR, JR., | |
| Defendant. | |

This matter comes before the court on Defendant's pro se "Motion Pursuant to Judicial Evidence § 201(d) Rule" [DE 50], "Motion for Sentencing to Be Corrected" [DE 51], and second "Motion Pursuant to Judicial Evidence § 201(d) Rule" [DE 52], and a Motion to Withdraw filed by defense counsel [DE 58]. The court liberally construes Defendant's pro se motions as requests for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) (DE 50, 52) and to 18 U.S.C. § 3582(c)(1)(A) (DE 51). On April 16, 2026, the court granted Defendant's request for appointment of counsel to assist Defendant with his motions for reduction of sentence. *See* DE 56 (citing DE 50, 52). Upon review of the motions and the entire record, the court finds that full briefing on the motions is not required.

In two of his pro se motions, Defendant seeks an order reducing his sentence pursuant to Amendment 821 to the United States Sentencing Guidelines (U.S.S.G.). In his first motion, he asks that the court remove the "status points" added to his criminal history computation. *See* DE 50. As set forth in his presentence investigation report (PSR), Defendant received an additional two points pursuant to U.S.S.G. § 4A1.1(d), because he committed the instant offense while under a criminal justice sentence. PSR ¶ 47, DE 28. His criminal history score increased from a 10 to a

12, which resulted in a criminal history category of V. *Id.* Defendant contends that, pursuant to Amendment 821, these two points may be removed; however, even if the court were to decrease the criminal history score by subtracting both points,[1] his criminal history category remains a V. *See* U.S.S.G. § 5 Pt. A.; *see also* U.S.S.G. § 1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if—[Amendment 821] does not have the effect of lowering the defendant's applicable guideline range."). Defendant fails to demonstrate that the court should, in its discretion, reduce his sentence on this basis.

In his second motion, Defendant also cites Amendment 821 and U.S.S.G. § 4A1.1; however, he argues that the court may "allow for a downward departure based on the age of a defendant's criminal history" (*i.e.*, if "prior acts" occurred "before the Defendant's 25[th] birthday"). DE 52. However, Amendment 821 did *not* modify the guidelines to recommend a downward departure based on the age at which a defendant committed prior criminal acts. The guidelines already account for the age of the offenses (and, in some respects, the age of the defendant) in computing a defendant's criminal history. *See* U.S.S.G. § 4A1.2. The court finds nothing improper about the computation of Defendant's criminal history, including scoring (or not scoring) the offenses he committed prior to the age of 25. Without any other citations or information,[2] the court in its discretion finds no basis on which to reduce Defendant's sentence in this respect.

---

[1] In accordance with the guidelines now in effect, Defendant would receive one extra point for receiving a criminal history score of seven or more points and for having committed the instant offense while under any criminal justice sentence. U.S.S.G. § 4A1.1(e).

[2] To the extent that Defendant contends he was and/or is currently "mentally incompetent," the court found Defendant competent at sentencing without objection (*see* Tr. 2: 22 – 3: 13, DE 42), and he provides nothing here demonstrating any mental illness or deficiency. Defendant's citation to U.S.S.G. § 5H1.1 in his "Response to the Probation Office" (DE 54) is inapposite; section 5H1.1 was a policy statement meant for consideration by the court at the time of sentencing, but was deleted effective November 1, 2025.

2

Third, Defendant moves for a sentence reduction arguing (without explanation) that his base offense level was "incorrect" and should have been 23, rather than 24. DE 51. However, probation calculated Defendant's guidelines range using the drug weight and base offense level expressly stipulated by the parties in the Plea Agreement, and the court adopted such agreement. *See* Agmt. ¶ 5(b), DE 24. Defendant makes no argument that the agreement is in any way incorrect or void, and the court finds that the calculation is proper based on a correct reading of the guidelines and on a knowing and voluntary express agreement by the parties. Defendant has failed to convince the court of any computation error on which to base a request for a sentence reduction.

Finally, Laura Wasco, appointed to represent the Defendant in this limited matter, moves to withdraw stating, "After a thorough review of Mr. Locklear's case file for criminal history retroactivity issues, including contemporaneous notice to the defendant of our analysis and conclusions, the undersigned does not intend to present any motions before the court." DE 58. The court finds good cause to permit Ms. Wasco to withdraw from her limited representation of the Defendant.

Accordingly, Defendant's pro se "Motion Pursuant to Judicial Evidence § 201(d) Rule" [DE 50], "Motion for Sentencing to Be Corrected" [DE 51], and second "Motion Pursuant to Judicial Evidence § 201(d) Rule" [DE 52] are DENIED, and the Motion to Withdraw filed by Laura Wasco [DE 58] is GRANTED. Ms. Wasco's representation of the Defendant in this matter is terminated.

SO ORDERED this _____ 4th _____ day of May, 2026.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

3